JS-6

FILED
CLERK, U.S. DISTRICT COURT

10/19/2015

CENTRAL DISTRICT OF CALIFORNIA
BY: CW DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA LOPEZ, an individual, on her own behalf and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>DIAMOND WIRELESS, LLC, et al.,<br><br>    Defendants. | Case No. CV 15-7384 FMO (AGRx)<br><br>**ORDER REMANDING ACTION** |

On July 31, 2015, Ana Lopez ("plaintiff") filed a Complaint in the Superior Court of the State of California for the County of Los Angeles against Diamond Wireless, LLC ("defendant"), and Does 1 through 100. (See NOR at ¶ 1 & Exhibit ("Exh.") A ("Complaint")). On September 21, 2015, defendant removed that action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332(a) and 1441. (See NOR at ¶ 4). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).[1]

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears

---

[1] Title 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501, 126 S.Ct. 1235, 1237 (2006).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

## DISCUSSION

Defendant seeks to invoke the court's diversity jurisdiction pursuant to 28 U.S.C. 1332(a) rather than 28 U.S.C. 1332(d). (See, generally, NOR). Defendant does not address or otherwise discuss the fact that the underlying action is a class action. (See, generally, id.). The NOR seeks to establish only that the named plaintiff meets the jurisdictional threshold. (See, e.g., id. at ¶ 11).

In class action litigation, diversity jurisdiction is established where at least one class member is diverse from the defendant and no named plaintiff is non-diverse, see Snyder v. Harris, 394 U.S. 332, 339-40, 89 S.Ct. 1053, 1058-59 (1969) ("[I]f one member of a class is of diverse citizenship from the class' opponent, and no nondiverse members are named parties, the suit may be brought in federal court even though all other members of the class are citizens of the same State as the defendant[.]"); Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1021 n. 4 (9th Cir. 2007), and at least one of the named plaintiffs meets the amount in controversy requirement. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 549 & 566-67, 125 S.Ct. 2611, 2615 & 2625 (2005) ("[W]here the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, [28 U.S.C.] § 1367 [] authorize[s] supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount[.]").

The court's review of the NOR and the attached state court Complaint makes clear that this court does not have diversity jurisdiction over the instant matter. In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction. Therefore, removal was improper. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

Defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold of $75,000. See 28 U.S.C. § 1332(a)[2]; Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a

---

[2] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. §§ 1332(a)(1)-(2).

3

1  preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.
2  Where doubt regarding the right to removal exists, a case should be remanded to state court.")
3  (footnotes omitted). Here, the amount of damages plaintiff seeks cannot be determined from the
4  Complaint, as the Complaint does not set forth a specific amount. (See Complaint, 18-19 at
5  "Prayer for Relief"). Defendant asserts that the "damages requested by Plaintiff 'more likely than
6  not' exceed $75,000, exclusive of interest and costs, as required by 28 U.S.C. Section 1332(a)."
7  (NOR at ¶ 11). However, defendant proffers no evidence that might help the court determine
8  whether plaintiff's claims would fulfill the amount in controversy requirement. (See, generally, id.).
9  Defendant merely cites to plaintiff's causes of action as proof, ipso facto, that the amount plaintiff
10 seeks would meet the amount in controversy requirement. (See id. at ¶ 11(a)). Such an
11 unsubstantiated assertion, untethered to any evidence, cannot satisfy the amount in controversy
12 requirement of § 1332(a). See Gaus, 980 F.2d at 567 (remanding for lack of diversity jurisdiction
13 where defendant "offered no facts whatsoever . . . [to] overcome[ ] the strong presumption against
14 removal jurisdiction, [and did not] satisf[y] [defendant's] burden of setting forth . . . the underlying
15 facts supporting its assertion that the amount in controversy exceeds [$75,000]") (internal
16 quotation marks omitted) (emphasis in original).

17         Defendant also relies on the fact that plaintiff seeks attorney's fees. (See NOR at ¶ 11(b)).
18 "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or
19 discretionary language, such fees may be included in the amount in controversy." Lowdermilk v.
20 U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007), overruled on other grounds as
21 recognized by Rodriguez v. AT & T Mobility Serv. LLC, 728 F.3d 975, 976-77 (9th Cir. 2013).
22 "[C]ourts are split as to whether only attorneys' fees that have accrued at the time of removal
23 should be considered in calculating the amount in controversy, or whether the calculation should
24 take into account fees likely to accrue over the life of the case." Hernandez v. Towne Park, Ltd.,
25 2012 WL 2373372, *19 (C.D. Cal. 2012) (collecting cases); see Reames v. AB Car Rental Servs.,
26 Inc., 899 F.Supp.2d 1012, 1018 (D. Or. 2012) ("The Ninth Circuit has not yet expressed any
27 opinion as to whether expected or projected future attorney fees may properly be considered 'in
28 controversy' at the time of removal for purposes of the diversity-jurisdiction statute, and the

decisions of the district courts are split on the issue."). The court is persuaded that "the better view is that attorneys' fees incurred after the date of removal are not properly included because the amount in controversy is to be determined as of the date of removal." Dukes v. Twin City Fire Ins. Co., 2010 WL 94109, *2 (D. Ariz. 2010) (citing Abrego Abrego, 443 F.3d at 690). Indeed, "[f]uture attorneys' fees are entirely speculative, may be avoided, and are therefore not 'in controversy' at the time of removal." Dukes, 2010 WL 94109 at *2; accord Palomino v. Safeway Ins. Co., 2011 WL 3439130, *2 (D. Ariz. 2011).

Here, defendant provides no evidence of the amount of attorney's fees that were incurred at the time of removal. (See, generally, NOR). Defendant has not shown by a preponderance of the evidence that the inclusion of attorney's fees in the instant case would cause the amount in controversy to reach the $75,000 threshold. See Walton v. AT & T Mobility, 2011 WL 2784290, *2 (C.D. Cal. 2011) (declining to reach the issue of whether future attorney's fees could be considered in the amount in controversy because the defendant "did not provide any factual basis for determining how much attorney's fees have been incurred thus far and will be incurred in the future[, and] [b]ald assertions are simply not enough").

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action, see Gaus, 980 F.2d at 566, the court is not persuaded under the circumstances here, that defendant has met its burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. See Matheson, 319 F.3d at 1090 ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court."); Valdez, 372 F.3d at 1117.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of

1  California for the County of Los Angeles, 111 North Hill St., Los Angeles, CA 90012, for lack of
2  subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).
3      2.  The Clerk shall send a certified copy of this Order to the state court.
4  Dated this 19th day of October, 2015.

                                                /s/
                                   Fernando M. Olguin
                                United States District Judge